Dear Senator Hines:
This office is in receipt of your request of an opinion regarding the Department of Health and Hospital's Medical Vendor Payments Program. Specifically, you seek our interpretation of an appropriation contained in the 1998 General Appropriation Act, Act 19 of the 1998 regular session ("Act 19"), for the benefit of small rural hospitals. Pertinently, Act 19 provides:
 "Any surplus state match accrued by the Medical Vendor Payments Program during FY 98-99 and certified by the commissioner of administration and the Joint Legislative Committee on the Budget on or after April 1, 1999, shall first be utilized by the Program to replace up to $6,752,420 of in-kind matching funds furnished by small rural hospitals to pay the uncompensated care costs of said hospitals in accordance with Act 1485 of 1997."
We examined Act 19 and find that by its own terms, appropriations contained therein are not expendable after the close of the books for that fiscal year. Pertinently, Section 15 of Act 19 provides that funds appropriated in Act 19 are appropropriated ". . . for purposes specified herein for the year commencing July 1, 1998, and endingJune 30, 1999."
Additionally, Act 19 provides: "This Act shall be subject to all conditions set forth in Title 39 of the Louisiana Revised statutes of 1950 as amended." LSA-R.S. 39:82A provides:
 "All cash balances occurring from appropriations made by legislative act or by the Interim Emergency Board regardless of date of passage to any state agency for which no bona fide liability exists on the last day of each fiscal year shall be remitted to the state treasurer by the fifteenth day following the last day of the fiscal year. Any appropriations including those made by the Interim Emergency Board of the preceding fiscal year remaining at the end of the fiscal year against which bona fide liabilities existed as of the last day of the fiscal year may be withdrawn from the state treasury during the forty-five day period after the last day of the fiscal year only as such liabilities come due for payment."
In our opinion, as of the last day of the 1998-99 fiscal year, "no bona fide liability" existed with regard to the appropriation for small rural hospitals. At that time, neither the Joint Legislative Committee on the Budget nor the Commissioner of Administration had provided the certification required by Act 19 in order for the appropriation to be effective. Therefore, in accordance with LSA-R.S.39:82, the surplus in question had to be transferred by DHH to the Department of the Treasury.
We note that in accordance with La. Const. Art. III, Sec. 16, no appropriation, including those found in Act 19, can be made for more than one year. Art. III, Sec. 16 pertinently provides:
 ". . . no money shall be withdrawn from the state treasury except through specific appropriation, and no appropriation shall be made under the heading of contingencies or for longer than one year." (Emphasis added).
In light of the prohibition contained in Art. III, Sec. 16, Act 19 cannot be considered to provide an appropriation for other than fiscal year 1998-99.
Respectfully, we must advise that in our opinion, funds appropriated pursuant to Act 19 can not be considered as legally obligated after the close of that fiscal year. In accord: La. Attorney General's Opinions Nos. 93-594, 90-22, 86-451, 86-96, 84-377, 81-1027.
We trust the foregoing to be of assistance. If we can be of assistance to you in other areas of the law, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/jv xc: Frank Perez